STATE OF NORTH CAROLINA v. MARVIN T. DAVIS, RONALD L. DOILEY, EDDIE C. PHILLIPS

No. 757SC239

(Filed 6 August 1975)

1. **Criminal Law § 91— recess to obtain witness — denial proper**

    The trial court did not err in denying defendant's motion for a one-week recess in the trial for the purpose of obtaining the presence of a witness who lived out of the State and who would allegedly testify to establish an alibi.

2. **Robbery § 4— armed robbery of pedestrian — sufficiency of evidence**

    Evidence was sufficient to be submitted to the jury in a prosecution for armed robbery where it tended to show that one defendant drove a car, the other two defendants were passengers in the car, the passengers pointed a gun at a pedestrian while they were seated in the car, and they robbed the pedestrian of his wallet.

3. **Searches and Seizures § 2— consent to search vehicle**

    Evidence was sufficient to support the trial court's finding that defendant voluntarily signed a consent to search his vehicle, and his consent was not coerced because officers told him that if he did not consent they could get a search warrant.

4. **Criminal Law § 97— introduction of additional evidence by State — no error**

    Where the State rested its case just prior to the evening recess, the trial court did not err upon the reconvening of court on the following morning in permitting the State briefly to recall two of its witnesses.

ON writ of *certiorari* to review trial before *Peel, Judge.* Judgments entered 30 August 1974 in Superior Court, WILSON County. Heard in the Court of Appeals 27 May 1975.

By separate indictments, proper in form, each defendant was charged with the armed robbery of Edward Whitehead on 13 October 1973. The defendants were arraigned, each pled not guilty, and without objection the three cases were consolidated for trial.

The State's evidence shows: On the early morning of 13 October 1973, between 5:00 and 5:30 a.m., Whitehead took his dog for a walk on a street near his home in Wilson. It was dark at the time, but the area where Whitehead walked was well lighted by an overhead street light and by lights from a car lot. A two-toned convertible automobile, having on its hood a lighted ornament which appeared like a bird, approached and

stopped. An occupant of the car asked Whitehead where Green Street was. As Whitehead was giving directions, he was confronted with two pistols pointing at him through the opened car windows, one pistol being held by the person on the passenger side in the front seat and the other by the person in the rear. Demand was made that Whitehead surrender his wallet, which contained twelve dollars, with which demand he promptly complied.

At the trial Whitehead identified the defendant, Phillips, as the person who pointed the pistol at him from the passenger side of the front seat, and identified the defendant, Doiley, as the person who pointed the pistol at him from the rear seat of the automobile. Whitehead could not see the driver of the car. After Whitehead surrendered his wallet, he was told to turn around and not look back, and the car drove away. As it did so, Whitehead looked at the license number. Repeating the number to himself, he hurried home and wrote the number "SYS 357," on an envelope. He then telephoned and reported the incident to the police, who received his phone call at 5:35 a.m.

Some 35 to 45 minutes later, officers in a police patrol car observed a black Oldsmobile convertible which had a white top, a lighted bird-like ornament on its hood, and which bore license "FYS 357," turn west on Green Street and stop in the parking lot by Carter's Grill. Defendant Davis was driving the car and the other two defendants, Doiley and Phillips, were the only other occupants. On a subsequent search of the car, two loaded pistols were found under the rear seat.

A Wilson police officer working the 11:00 p.m. to 7:00 a.m. shift on 13 October 1973 testified that earlier in the night at about 12:30 a.m., he had seen Davis, whom he knew, driving the car on East Nash Street.

The defendants did not introduce evidence. The jury found all three defendants guilty, and from judgments imposing prison sentences, defendants gave timely notice of appeal. This Court subsequently granted their petition for writ of certiorari.

*Attorney General Edmisten by Assistant Attorney General Conrad O. Pearson for the State.*

*Farris, Thomas & Farris by Robert A. Farris for defendant appellants.*

PARKER, Judge.

[1]    Defendants first assign error to the denial of their motion for a one-week recess in the trial. This motion was made after the State commenced introduction of evidence and after the trial had been in progress for some time. The reason stated for the motion was that the defendants had discovered on the preceding evening that a witness who would testify to establish an alibi was employed by the Federal government in Washington, D. C., beyond the reach of a subpoena, and that defendants desired the recess for the purpose of having this witness in court to testify on their behalf.

It is well settled that a motion for a continuance is ordinarily addressed to the sound discretion of the trial judge and that his ruling thereon is not subject to review absent a showing of abuse of discretion. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972). The same rule applies to motions for a recess in a trial which is already in progress. In the present case there was no showing of any abuse of the trial judge's discretion in denying the motion for a recess in the trial. The defendants had been arrested on 13 October 1973. The indictments against them were returned as true bills in November 1973. Their trial took place in August 1974. For some time prior to trial their trial counsel had been appointed to represent them. The motion for a recess was not supported by an affidavit. The record fails to disclose what efforts, if any, were made prior to trial to obtain the attendance of the absent witness and it does not show why defendants discovered only after the trial commenced that he was not then available. The name of the absent witness was not shown nor was there any showing that his attendance at trial could be obtained if the recess was granted. Defendants' first assignment of error is overruled.

[2]    Defendants' motions for nonsuit were properly denied. The victim of the robbery testified at the trial and positively identified Doiley and Phillips as the two persons who pointed pistols at him when the robbery occurred. His testimony also disclosed that some third person, whom he could not identify, was driving the automobile in which Doiley and Phillips were then seated. There was evidence to show that earlier on the night of the robbery the defendant, Davis, had been driving the same automobile and that shortly after the robbery Davis, with Doiley and Phillips as passengers, was still driving the car. Viewing all of the evidence in the light most favorable to the State, it

is a reasonable inference which the jury could legitimately draw that Davis was present, driving the car and aiding and abetting Doiley and Phillips, when the robbery occurred.

[3] Defendants assign error to the court's admitting evidence concerning the two pistols found under the back seat of the automobile, contending that these were found as result of an illegal search. Prior to admitting this evidence the trial judge conducted a voir dire examination concerning the circumstances under which the search was made. Evidence presented at this examination discloses that after the defendants were apprehended by the police, they and the car in which they had been riding were taken to the police station. There it was determined that Phillips was the owner of the car. The officers then asked Phillips if he would consent to a search of his car, at the same time informing him that he had a right to deny his consent and that if he did so a search warrant would be obtained. Phillips then consented to the search, and the search was then conducted in his presence. Phillips testified at the voir dire hearing and admitted signing a written consent to the search. The evidence at the voir dire hearing fully supported the court's findings that Phillips's consent to the search "was freely, voluntarily and intelligently given without any coercion, duress or fraud practiced upon the defendant in any respect." There is no merit in Phillips's contention that his consent was coerced because the officers told him that if he did not consent they could get a search warrant. The officers had ample grounds to obtain a valid search warrant, and there was nothing improper in their informing Phillips that they were prepared to do so. We agree with the trial court's conclusion that the search was lawful.

[4] The State rested its case just prior to the evening recess. Upon the reconvening of court on the following morning, the State was permitted over defendants' objections to reopen its case by briefly recalling two of its witnesses. This was a matter within the discretion of the trial judge. *State v. Shutt*, 279 N.C. 689, 185 S.E. 2d 206 (1971). No abuse of discretion has been shown.

We have examined defendants' remaining assignments of error, all of which relate either to the court's rulings upon the

admission of evidence or to its instructions to the jury, and find no prejudicial error.

No error.

Judges BRITT and VAUGHN concur.